**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1379
_____

PROSPECT FUNDING HOLDINGS, LLC,
on assignment of CAMBRIDGE MANAGEMENT
GROUP, LLC,

Appellant

v.

MICHAEL BREEN, ESQ.;
MIKE BREEN ATTORNEY AT LAW, P.S.C.


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:17-cv-03328)
District Judge: Honorable Kevin McNulty

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on November 14, 2018

Before: GREENAWAY, JR., SHWARTZ, and BIBAS, *Circuit Judges*.

(Filed: December 14, 2018)


_____

OPINION[*]

BIBAS, *Circuit Judge*.

A litigant who loses in one court may not rehash old issues in a new court. Prospect Funding Holdings, LLC lent money to Christopher and Holly Boling to keep them afloat while they pursued a personal-injury lawsuit in Kentucky. The Bolings promised to repay the loans plus exorbitant interest from any eventual recovery from that suit. The Kentucky Court voided these loans because they violated state laws against usury and champerty (taking a stake in another person's lawsuit). So Prospect sued the Bolings' lawyer in New Jersey, advancing new theories to recover under the same loan contracts.

But issue preclusion forbids relitigating the validity of the loan contracts. And all of Prospect's claims rely on those contracts. So we will affirm the District Court's dismissal of this suit.

## I. BACKGROUND

### A. The Bolings' personal-injury suit and the Prospect loans

While Christopher Boling was working in his garage in Kentucky, vapors escaped from his gas can and ignited. The fire shot back into the gas can and it exploded, burning Boling over much of his body and knocking him into a coma. So the Bolings filed a personal-injury lawsuit against the gas can's manufacturer in the U.S. District Court for the Western District of Kentucky. They used the anticipated recovery from that suit as collateral to

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

secure four loans. They received the first two loans from Cambridge Management Group, which assigned them to Prospect. Prospect itself then extended two more loans to the Bolings. This case concerns the first two loans.

Each loan contract comprised three documents:

1. An Agreement to Pay Proceeds Contingent on Successful Settlement;

2. An Irrevocable Grant of Lien; and

3. An Attorney Acknowledgment of Irrevocable Lien.

For each loan, the Bolings signed the Agreement and the Grant of Lien. Their lawyer, Mike Breen, signed each Acknowledgement. And each Acknowledgement required Breen to hold the Bolings' recovery in escrow and to pay Prospect under the Agreements before paying the Bolings.

The Bolings borrowed a total of $30,000. The loans accrued interest that, compounded, added up to almost 80% per year. But they would owe nothing if they lost their suit. And if they won or settled their suit, Prospect could satisfy the debt only from their recovery.

### B. Mr. Boling's Kentucky litigation against Prospect

The Bolings settled their personal-injury suit in 2014. Prospect then told Mr. Boling that he owed more than $340,000 under the loan contracts. Mr. Boling disputed his obligation and sued Prospect in the U.S. District Court for the Western District of Kentucky, seeking a declaratory judgment that the contracts were void and unenforceable.

Boling prevailed. The court found that the loan agreements were governed by Kentucky law. *Boling v. Prospect Funding Holdings, LLC*, No. 1:14-cv-00081-GNS-HBB, 2015 WL 5680418, at *8 (W.D. Ky. Sept. 25, 2015) (*Boling I*). And it found the agreements usurious

3

and champertous, and so void and unenforceable. *Boling v. Prospect Funding Holdings, LLC*, No. 1:14-cv-00081-GNS-HBB, 2017 WL 1193064, at \*1, \*6, \*7 (W.D. Ky. Mar. 30, 2017) (*Boling II*).

The court granted summary judgment for Prospect on its unjust-enrichment and promissory-estoppel counterclaims, awarding it $30,000 for the loan principal plus $4,425 in loan fees. *Boling v. Prospect Funding Holdings, LLC*, 324 F. Supp. 3d 887, 896-97, 900 (W.D. Ky. 2018) (*Boling III*). But it granted summary judgment for Mr. Boling on Prospect's counterclaims for conversion, negligent misrepresentation, and breach of the duty of good faith and fair dealing. *Id.* at 897-99.

### C. Prospect's New Jersey litigation against Breen

Having found little success against Mr. Boling in Kentucky, Prospect brought this suit against Breen and his law firm in the U.S. District Court for the District of New Jersey. Prospect argued that Breen had breached the Acknowledgements by giving the settlement proceeds to the Bolings without first paying Prospect. And Prospect asserted claims for conversion, promissory estoppel, breach of fiduciary duty, and breach of the duty of good faith and fair dealing.

The New Jersey Court dismissed Prospect's case based on issue preclusion. The Kentucky Court had held the loan contracts void and unenforceable. So Prospect could not relitigate the validity of the contracts, including the lawyer's Acknowledgements. Because the contracts were invalid, the New Jersey Court dismissed the entire case.

The New Jersey Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We review its dismissal de novo. *Phillips v. Cty. of Allegheny*, 515

4

F.3d 224, 230 (3d Cir. 2008); *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.*, 458 F.3d 244, 248 (3d Cir. 2006).

## II. THE KENTUCKY JUDGMENT PRECLUDES RELITIGATING THE CONTRACTS' VALIDITY AND DEFEATS ALL OF PROSPECT'S CLAIMS

On appeal, Prospect makes two arguments: first, that the New Jersey Court misread the Kentucky judgments and so misapplied issue preclusion; and second, that its common-law claims survive either way.

Both arguments fail. The Kentucky judgments necessarily invalidate the Acknowledgements, so Prospect may not relitigate them. And that holding thus bars Prospect's common-law claims, which are just repackaged breach-of-contract claims.

### A. The Kentucky judgments preclude relitigating the Acknowledgments' validity

Prospect argues that the New Jersey Court misapplied issue preclusion. Issue preclusion, or collateral estoppel, forbids relitigating issues that were previously adjudicated elsewhere. To determine the preclusive effect of prior federal litigation, we apply federal law. *Peloro v. United States*, 488 F.3d 163, 175 n.11 (3d Cir. 2007). An earlier judgment precludes relitigating an issue if the later issue is the same as the one litigated before; the issue was actually litigated; it was determined by a valid, final judgment; and the determination was essential to that judgment. *Id.* at 175. And Prospect, the party facing preclusion, must have had a "full and fair" opportunity to litigate the issue the first time. *Id.*

Prospect hangs its hat on just one of these requirements: the identity of the issues. It alleges that the issue in Kentucky was the validity of the Agreements (the first of the three loan documents, signed by the Bolings). But the issue here, it says, is the validity of the

5

Acknowledgements (the third of the three loan documents, signed by Breen). The former are allegedly "separate and distinct" from the latter. And so the issues differ, and issue preclusion cannot apply.

But Prospect mischaracterizes both the loan contracts and the issue in Kentucky. The Acknowledgements are not "separate and distinct" from the Agreements. Together, the loan documents compose a single, merged agreement. Those merged agreements were at issue before and invalidated by the Kentucky Court.

The complaint in the Kentucky case confirms this. In it, the Bolings put the "loan agreements" at issue and said those agreements were attached as exhibits. Am. Compl. 3-5, *Boling I & II*. Each of those exhibits contains the full loan contracts with all three documents: the Agreement, the Grant of Lien, and the Acknowledgement. *Id.* Compl. Exs. A-D. So the Bolings placed all the loan documents at issue, not just those titled "Agreement."

The substance and arrangement of the loan documents confirm that they were a package deal. They are continuously paginated. The Acknowledgements obligate Breen to pay only those funds owing under the corresponding Agreements. The Acknowledgments recite no additional consideration. Each set of documents relates to a single transaction. Most telling of all, the Agreements contain merger clauses stating that the three loan documents together "constitute the entire *agreement* of the parties." App. 117, 127 (emphasis added). So the Agreements themselves treat the three loan documents as forming one "agreement."

Prospect's performance under the loan contracts reinforces this conclusion. For each loan, Prospect never lent any funds until all three documents, including the Acknowledgements, were signed. Prospect itself thus treated the three documents as forming a single agreement.

The Kentucky Court likewise understood that all the loan documents were at issue before it. It defined the "series of agreements" by referring to the exhibits attached to the complaint. *Boling II*, 2017 WL 1193064, at *1. And we have already described how those exhibits contained all the loan documents. So when the Kentucky Court said "the Agreements are therefore void," it meant all the loan documents, not just those titled "Agreement." *Id.* at *6.

In short, when the Kentucky Court referred to loan agreements, it meant the entire loan contracts, not just the Agreements. So its judgments invalidated Breen's Acknowledgements as well. Issue preclusion bars relitigating that issue in New Jersey. Prospect's breach-of-contract claim fails.

**B. Because the contracts are invalid, all of Prospect's claims fail**

But Prospect tries to salvage its other claims. It argues that the Kentucky judgments do "not determine in any manner whether Breen is liable under common law." Appellant's Br. 12. We disagree.

True, the Kentucky Court did not speak to Breen's liability under New Jersey common law. But all of Prospect's claims are really just repackaged breach-of-contract claims. They rely on the contracts as the source of a duty or property right and assert violations of the contracts as the basis for liability. Because the contracts are void, these claims fail.

On appeal, Prospect offers no argument to support its claims for negligent misrepresentation, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. So it has waived those claims. *See Ghana v. Holland*, 226 F.3d 175, 180 (3d Cir. 2000). It does pursue its claims for conversion and promissory estoppel. Appellant's Br. 13. But Breen could not have converted any funds unless they belonged to Prospect. *Advanced Enters. Recycling, Inc. v. Bercaw*, 869 A.2d 468, 472 (N.J. Super. Ct. App. Div. 2005). And because the loan agreements were void and unenforceable, Prospect had no property interest in the amounts due under the contracts.

As for the promissory-estoppel claim, this too is based on Breen's alleged "fail[ure] to comply with the terms of [his] promises in [the Acknowledgements]." App. 37, ¶78. But the Acknowledgements are void. Even if they were not, they obligated Breen to pay only funds "due and owing pursuant to [the Agreements]." App. 121, 131. And Prospect concedes that the Agreements are void. Appellant's Br. 9. So no funds are due and owing under them, and Prospect cannot show that it suffered any loss.

Prospect argues to the contrary, asserting that "at least $34,000 of [the settlement funds] belong to Prospect." Appellant's Br. 12-13. That sum is the total of the loan principal ($30,000) plus loan fees ($4,425). But the Kentucky Court already awarded Prospect that amount on its claims for unjust enrichment and promissory estoppel. *Boling III*, 324 F. Supp. 3d at 896-97, 900. Breen asserts that Mr. Boling has already satisfied that judgment in full, and Prospect does not refute that claim. Appellees' Br. 11. So Prospect has received its restitution and cannot recover again.

8

\* \* \* \* \*

The Kentucky Court voided all the loan documents as usurious and champertous. That finding precludes relitigating any claim that depends on them. This includes not only Prospect's claim for breach of contract, but also its claims for conversion and promissory estoppel. And Prospect has received its restitution and waived its other claims. So we will affirm.